UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARON TIMOTHY STRAUSBAUGH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-0246** |
| **TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX, ET AL** | **SECTION "G"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.  Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.    Factual Summary

The plaintiff, Earon Timothy Strausbaugh ("Strausbaugh"), is incarcerated in the Terrebonne Parish Criminal Justice Complex ("TPCJC") in Houma, Louisiana.[1]   He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the Terrebonne Parish Criminal Justice Complex Government seeking damages sustained while he was transported

---

[1] Rec. Doc. No. 1, p. 2.

to J. Chabert Medical Center Emergency Department due to being unable to urinate on his own. Id.   He alleges that the doctor inquired about whether he could have an inbound catheter and leg bag. Id.   He alleges that an officer with the medical department advised him that if he decided to have the catheter implanted at the hospital that the jail was not going to be responsible for him having it and that it was his personal choice.   Id.

Strausbaugh alleges that due to previous and ongoing medical issues, he agreed to have the doctor implant the catheter and he requested placement on the medical unit, which he was denied. Id.   He was allegedly told that he would be returned to Delta 200 rather than being returned to the medical unit. Id.

According to Strausbaugh on January 15, 2021, he made a medical request for reclassification so he could be placed in medical or C800 protective custody or C100 lockdown for his own safety and protection while he had his catheter. Id.   He alleges that he was told he had no need for medical nor any special housing. Id.   He alleges also that two inmates had been taking his food and threatening to harm him if did not comply.   He alleges that because of his medical issues and his catheter he felt that the safest option was for him to be separately house. Id.

On January 22, 2021, according to Strausbaugh, he went back into the E.R. because his catheter was not flowing and causing extreme pain. Id.   He alleges that it was determined that there was a massive blood clot in the end of the catheter, and he was placed back on the tier at 3 am. Id.   Approximately one hour later while waiting for morning breakfast, he alleges that an inmate started an argument with him about having a "piss bag" and that he needed to pick it up and should not get in the food line with it because it was nasty. Id.   Strausbaugh allegedly replied

that if he did not like it, he could take it up with medical but there was nothing he could do himself. Id.

He alleges that while he was back on the tier eating his food by himself, another inmate came upstairs and struck him in the face knocking his food over the railing and proceeded to beat him. Id. He alleges that the inmate was trying to pull his catheter out and other inmates intervened separating them. Id. Strausbaugh then sought help by trying to go downstairs to request help. Id. As he was doing so, he was stopped by the original inmate who tried to start a fight because he wanted to eat Strausbaugh's food. Id. He then was assaulted again by the original assaulting inmate who again tried to grab his catheter out and shoved him down the stairs. Id. He alleges that when he reached the bottom of the stairs, the other inmate came downstairs and began kicking him in his head. Id.

Strausbaugh alleges that when a deputy saw what was happening, he rushed over and pulled him to safety and radioed for backup. Id. Thereafter, he was transported to the emergency room, he had a Cat Scan of his head done and they also determined that there was no damage to his catheter .Id. He alleges that he was advised that he would be sore, but they believed he would be fine and was referred to a urologist. Id.

Strausbaugh alleges that when he returned to the prison he was placed in protective custody 23, and lockdown. Id. Lieutenant Chase Blanchard inquired as to whether Strausbaugh wanted to press charges because he had reviewed the video and saw that he was helpless and defenseless due to his medical situation and that the other inmate could have killed him. Id. He filed the subject claim against TPCJC for their failure to protect and properly house and provide him with proper

medical care. Id.    He seeks monetary damages, his immediate release from prison for his pain and suffering and the prison's failure to protect him. Id.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  A claim lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.  Terrebonne Parish Criminal Justice Complex

Strausbaugh named the Terrebonne Parish Criminal Justice Complex as a defendant in this case. However, TPCJC is not a proper defendant as detailed below.

Plaintiff sued the Terrebonne Parish Criminal Justice Complex. However, it is clear that "[t]he Terrebonne Parish Criminal Justice Complex simply is not a proper defendant under any circumstances. A jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." *Coleman v. Terrebonne Parish Criminal Justice Complex*, Civ. Action No. 13–4325, 2013 WL 6004051, at *5 (E.D.La. Nov. 13, 2013) (quotation marks and brackets omitted); accord *Authement v. Terrebonne Parish Sheriff's Office,* Civ. Action No. 09–5837, 2009 WL 4782368, at *4 (E.D.La. Dec. 3, 2009); *Bland v. Terrebonne Parish Criminal Justice Complex*, Civ. Action No. 09–4407, 2009 WL 3486449, at *3 (E.D.La. Oct. 23, 2009); *Francis v. United States*, Civ. Action No. 07–1991, 2007 WL 2332322, at *2 & n. 4 (E.D.La. Aug. 13, 2007).  See Smith v. Terrebonne Parish Criminal Justice Complex, 2014 WL 5780696 (E.D. La.  2014) ( where the court found that TPCJC is not a proper defendant).

In the instant case, Strausbaugh has only named the prison as a defendant, which is not a proper defendant. Consequently, the claims against the Terrebonne Parish Criminal Justice Complex should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e) and § 1915A.

### IV.  Recommendation

It is **RECOMMENDED** that Earon Timothy Strausbaugh's §1983 claims against the Terrebonne Parish Criminal Justice Complex **DISMISSED WITH PREJUDICE** as frivolous and

otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __4th__ day of __April__, 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**